UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARLOS R. ROBINSON, #1068876 :
:
*Petitioner*, :
:
v. : Civil Action No. 2:11cv00412
:
HAROLD W. CLARKE, :
Director of the Virginia Department of :
Corrections :
:
*Respondent*. :

## MEMORANDUM OPINION AND FINAL ORDER

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to proceed before a United States Magistrate Judge. (ECF No. 12). Accordingly, by order filed on October 11, 2011, this action was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, to conduct any and all further proceedings in this action. (ECF No. 12). Presently before the Court is respondent's Motion to Dismiss. For the reasons stated below, respondent's motion is GRANTED, and the petition is DISMISSED.

### I. STATEMENT OF THE CASE

On June 10, 1993 in the Circuit Court for Greensville County, petitioner Carlos R. Robinson ("Robinson") pled guilty to a felony charge of inflicting bodily harm. (ECF No. 9-2 at 6). This charge resulted from a January 21, 1993 assault on a correctional officer at the Greenville Correctional Center. At the time, Robinson was serving a combined life sentence plus fifty-one years resulting from 1992 convictions in the Circuit Courts for Norfolk and Portsmouth. On February 6, 1992, Robinson was sentenced to a term of five years for a

1

conviction of robbery and use of a firearm in a felony in the Circuit Court for Norfolk; on December 10, 1992, in the Circuit Court for Portsmouth, he was sentenced to a term of life imprisonment and a consecutive term of forty-six years, for first-degree homicide, robbery, and the use of a firearm in a felony. (ECF No. 9-2 at 4-5). Robinson did not appeal his 1993 conviction.

Robinson first became eligible for parole in 2004, and applied for parole annually from 2004 through 2010; parole was denied each year. (ECF No. 1-1 at 26-30). Following each decision, Robinson received a letter from the Virginia Parole Board ("the Board") including both the Board's decision and their "Reasons Not to Grant Parole." (ECF No. 1-1 at 26-30). From 2005 to 2009, the only reason listed was "serious nature and circumstances of offense." (ECF No. 1 at 26-30). During his interview with the parole examiner prior to his 2010 application for parole, Robinson learned that his record contained information regarding the 1993 conviction. (ECF No. 1-1 at 2). Robinson claims that he was unaware of this conviction or the associated five-year sentence. (ECF No. 1-1 at 2). Subsequently, in addition to "serious nature and circumstances of offense," "crimes committed" and "conviction of new crime while incarcerated" were listed as reasons not to grant parole in Robinson's 2010 notice of the Board's decision. (ECF No. 1-1 at 13).

Upon receipt of this notification Robinson appealed the Parole Board's decision. (ECF No. 1-1 at 14). Robinson alleged that the 1993 altercation with the correctional officer did not result in felony charges, and that he did not plead guilty or receive a five-year sentence in connection with the assault. (ECF No. 1-1 at 1). In response to his appeal, Helen F. Fahey, then-Chair of the Virginia Parole Board, removed "conviction of a new crime while incarcerated" as a reason for his 2010 parole denial. (ECF No. 1-1 at 22). However, Ms. Fahey also explained

that, based on the two remaining reasons parole was originally denied, the Parole Board's original decision would not be reversed. (ECF No. 1-1 at 22). Based on Ms. Fahey's letter, Robinson assumed that the conviction was removed not only from his 2010 parole denial, but from all his records. (ECF No. 1-1 at 6-7). However, a parole examiner subsequently referenced the incident during an interview on April 7, 2011. (ECF No. 1-1 at 7).

In response, Robinson filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on May 2, 2011. The Supreme Court of Virginia dismissed his petition on June 9, 2011, finding that Virginia's habeas corpus jurisdiction did not extend to the claims Robinson sought to raise. (ECF No. 1-1 at 31).

On July 21, 2011, Robinson, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. In his petition, Robinson does not challenge his 1993 state court convictions or sentence, which he in fact contends did not occur, but rather petitions for the removal of this information from all Virginia Department of Corrections files. (ECF No. 1 at 12). Robinson argues that the Virginia Parole Board is violating his right to due process under Virginia law and the United States Constitution. Robinson argues that he was not provided due process in regard to the original 1993 charge of assault, and that the Parole Board's continuing consideration of this felony assault charge constitutes a violation of his right to due process under the Fifth and Fourteenth Amendments. He seeks the removal of all references to the 1993 conviction from his records and institutional infraction files, and, following these alterations, a new parole hearing to consider his amended record.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254(a) challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In other words, "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes and the Court agrees that, for purposes of federal review, Robinson's claims have been exhausted.

Respondent's concession on exhaustion, however, is accompanied by the claim that the Supreme Court denied Robinson's habeas claim on the merits. As a result, the respondent has moved to dismiss on the ground that the Supreme Court's dismissal is entitled to deference under § 2254(d).[1] Having read the Supreme Court of Virginia's order, this Court finds that the Supreme Court of Virginia did not decide the merits of Robinson's state habeas petition.

In its one-paragraph order dismissing Robinson's state habeas petition, the Supreme Court simply states that "habeas does not lie in this matter." The Supreme Court neither discussed the merits of the grounds alleged in Robinson's petition nor provided any explanation as to why state habeas review is unavailable to Robinson, but its decision is consistent with the Supreme Court's prior dismissal of state habeas petitions based on the language of Carroll v. Johnson, 685 S.E.2d 647, 652 (2009).

---

[1] Section 2254(d) provides that, once a petitioner's state remedies have been exhausted, a federal court entertaining an application for a writ of habeas corpus may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

4

Prior to Carroll, Virginia's habeas jurisdiction was limited to those cases which asserted a prisoner's right to be immediately released from custody. The Carroll case extended habeas jurisdiction in Virginia to cases which might affect a prisoner's duration of confinement but would not necessarily result in his immediate release. Noting the limits of its holding, the court wrote:

> Our holding [abrogating the "immediate release rule"] does not extend habeas corpus jurisdiction to cases in which an order entered in the petitioner's favor will only give rise to a possibility of reducing the petitioner's term of imprisonment. Thus, disputes which only tangentially affect an inmate's confinement, such as . . . . challenges to parole board decisions . . . are not proper matters for habeas corpus jurisdiction because an order entered in the petitioner's favor . . . will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence.

685 S.E.2d at 652. Thus, Carroll expressly limits habeas jurisdiction in Virginia, and excludes from it challenges of the type Robinson has framed, which would not necessarily result in any reduced period of incarceration.

In Boger v. Young, 2010 WL 4861616, at *4 (W.D. Va. Nov. 23, 2010), the District Court considered an order dismissing a state habeas petition similar to the one disposing of Robinson's state habeas petition. In Boger, the District Court also found that the Supreme Court of Virginia did not render its decision on the merits, stating: "The point here is simply this: [the Supreme Court of Virginia] clearly indicated that its decision was not based on the underlying merits but rather on the unavailability of habeas." Id. Likewise, the Supreme Court of Virginia's Order dismissing Robinson's state habeas petition was not based on a review of the merits of his claims and therefore § 2254(d) does not apply.

While the Supreme Court of Virginia has specifically held that it did not have habeas jurisdiction to examine the general constitutionality of parole review as presented by Robinson, the issue of whether such claims are properly brought in a federal habeas petition is less clear. In

5

Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court held that challenges to parole eligibility proceedings that would not necessarily result in speedier release could be brought as a civil rights action pursuant to 42 U.S.C. § 1983. Id. at 82. Indeed, the declaratory relief principally sought by Robinson's petition strongly suggests that a § 1983 action would be the more appropriate way to present his claims. See Wilkerson, 544 U.S. at 82 (observing § 1983 is appropriate for prisoners' claims which would not necessarily result in speedier release, and thus do not lie at "the core of habeas corpus"). The Fourth Circuit has noted that, after Wilkinson, "[i]t is not entirely clear whether a habeas petition under [§ 2254] may also provide an avenue for such a challenge. However, Wilkinson does not expressly foreclose the use of § 2254 to bring such a challenge." Townes v. Jarvis, 577 F.3d 543, 550 n.4 (4th Cir. 2009).

This Court has found no District Court opinion within the Fourth Circuit declining habeas jurisdiction on the basis that § 1983 provides the sole avenue for relief. Additionally, unlike the plaintiffs in Wilkinson, Robinson is seeking an opportunity for an accelerated release from confinement—relief not cognizable in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). As the Fourth Circuit has established, the specific relief requested is the factor which differentiates between claims best brought under § 1983 and those most appropriately sought through a habeas petition. When prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," habeas relief provides the proper avenue. Wilkerson, 544 U.S. at 81 (emphasis

6

in original). Robinson's claim, which implies entitlement to speedier release on the basis of Virginia's reliance on the allegedly incorrect information from his 1993 conviction may fall within the purview of the writ of habeas corpus, however because Robinson does not claim any violation of his procedural rights under the Parole Board's discretionary system, he has nonetheless failed to state a claim for habeas relief.

Robinson requests only that "any and all erroneous information reporting a 1993 criminal conviction and five year sentence, and of all statements made by the petitioner accepting responsibility" be expunged from his records, and that he be granted a new parole hearing to consider his eligibility after the removal of the material in question. (ECF No. 1-1 at 12). As Robinson has presented no claim that he is being held in violation of the Constitution or laws of the United States, nor any claim that Virginia's administration of its system of discretionary parole infringed a protected liberty interest, relief does not lie in a writ of habeas corpus but rather through a claim brought as a civil rights action under 42 U.S.C. § 1983.

In his petition, Robinson essentially assumes that he has a protected liberty interest in being paroled; however, the mere existence of a parole system does not create any interest protected by the Due Process Clause. See generally Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1978). Recognizing that "[i]f parole determinations are encumbered by procedures that states regard as burdensome and unwarranted, [states] may abandon or curtail parole," id. at 13, federal courts have treaded lightly in cases dealing with state parole and deferred to state agencies applying state law, Vann, 73 F.3d at 521-23. "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created 'a legitimate claim of entitlement' to some aspect of parole." Id. at 522 (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)). This deference applies to both

parole decisions and decisions with respect to determining a prisoner's eligibility for parole consideration. Id.

Generally, the parole scheme in Virginia creates no such claim of entitlement to parole because the decision to parole a prisoner is "a discretionary one which is dependent on subjective evaluations and predictions of future behavior." Gaston, 946 F.2d at 344 (citing Greenholtz, 442 U.S. at 10). The discretionary nature of the decision to parole a prisoner therefore precludes the notion that a prisoner has a liberty interest in being paroled subject to the protections of the Due Process Clause. However, the Virginia parole statutes do create a right to be considered for parole, which is protected by statutory safeguards. The Court of Appeals for the Fourth Circuit has held that the Virginia statutes governing the manner in which a prisoner is considered for parole confer on the prisoner an interest in liberty. Franklin v. Shields, 569 F.2d 784, 790 (1978). Therefore, because the right to fair parole consideration involves the prisoner's liberty, parole proceedings are subject to the protections of the Due Process Clause. Id.

However, "[b]ecause parole release proceedings are not part of a criminal prosecution, a prisoner is not entitled to the full panoply of rights accorded a defendant at trial. Instead, the prisoner's rights must be determined by balancing the importance to him of specific safeguards against the burden on the government." Id. at 791 (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). In balancing the interests of the prisoner and the government, the Fourth Circuit determined that "the minimum requirements of procedural due process appropriate for the circumstances must be observed." Id. at 790. When balancing of the interests of the prisoner against those of the government, the court in Franklin outlined several procedural safeguards required by the Due Process Clause, including a requirement that the Board provide prisoners with general reasons for their decisions. Franklin, 569 F.2d at 797. The Fourth Circuit

8

subsequently held that, at most, such minimal procedures would also include providing the prisoner with a reason for the denial of parole. Vann, 73 F.3d at 522; Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986). Robinson does not allege that the Board failed to provide reasons for the parole denial, or that the Board failed to publish procedures or guidelines. In fact, his claim relies in large part on the Board's list of reasons explaining his 2010 parole denial. (ECF No. 1-1 at 3). Because he has not claimed that the Board did not publish guidelines, or that he was not provided with a reason for the Board's decision, he has not presented an allegation that would entitle him to habeas relief.

Indeed, throughout his parole application process, Robinson's Due Process rights were respected. Robinson was granted a parole hearing every year from 2004 through 2010. (ECF No. 1-1 at 2). Following each hearing, he received formal notice of the Board's decision, along with a list of the considerations which formed the basis for the Board's decision. (ECF No. 1 at 27, 40-44). Petitioner in fact acknowledges his receipt of these notices, (ECF No. 1-1 at 3), and he also references the Virginia Parole Board's decision-making criteria. (ECF No. 1-1 at 9). Accordingly, Robinson's acknowledgement of the Board's administrative procedures and of his receipt of notice is explicit recognition that his treatment met Due Process requirements. As Virginia's discretionary parole system entitles prisoners to only minimal procedure, Vann, 73 F.3d at 522, neither the Board's procedures nor its specific reasons for denying parole encroach on any Constitutional protection.

Furthermore, Robinson's challenge to the Parole Board's initial 2010 denial on the basis of the 1993 assault conviction is factually inaccurate. While Robinson argues there is no documentation of the 1993 conviction, the Respondent has submitted two documents which reflect this conviction. A sentencing order issued by the Circuit Court of Greensville County

9

reflects that Robinson pled guilty to a felony charge of infliction of bodily harm. (ECF No. 9-2 at 6). Additionally, a subsequent Virginia Department of Corrections Sentencing Report also references this conviction and the resulting sentence of five years. (ECF No. 9-2 at 5). Robinson also explicitly acknowledges that he was disciplined according to correctional center policies at the time of the incident. (ECF No. 1-1 at 24). Under the Board's current Parole Decision Factors, the Board is entitled to consider such disciplinary records when evaluating Robinson's suitability for release. (ECF No. 9-3 at 9). Thus, even were Robinson's challenge factually accurate, his claims would not state any basis for habeas relief. Thus, this petition for federal habeas relief must be dismissed.

### III. CONCLUSION

Because Robinson's claims state no basis for federal habeas relief, Respondent's Motion to Dismiss is GRANTED.

Petitioner is ADVISED that he may appeal from the judgment entered pursuant to this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. For the reasons stated above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is DIRECTED to mail a copy of this Order to all counsel of record.

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 23, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Order was mailed this date to the following:

Carlos R. Robinson, #192843
Keen Mountain Correctional Center
State Route 629
P.O. Box 860
Oakwood, VA 24631

Christopher Davies Supino
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

                                                        Fernando Galindo,
                                                        Clerk of Court

By: _____
        Deputy Clerk

        _____, 2012